IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-58-BO

| | | |
|---|---|---|
| CALANDRA A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, 20]. A hearing on the motions was held before the undersigned on June 21, 2023, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits and supplemental security income pursuant to Title II and Title XVI of the Social Security Act. Plaintiff filed her application in January 2017, alleging disability beginning December 3, 2016. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The Appeals Council remanded the matter for additional hearing. A second hearing was conducted before an ALJ in June 2021, after which the ALJ again denied plaintiff's application. The ALJ's decision became the final decision of the Commissioner

when the Appeals Council denied plaintiff's request for review of the August 9, 2021, ALJ decision. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform any past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements through March 31, 2022, and that she had not engaged in substantial gainful activity since her alleged onset date at step one, the ALJ found at step two that plaintiff had severe impairments – diabetes, bilateral plantar spurs with chronic foot pain, morbid obesity, hypertension, and bilateral knee degenerative joint disease – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ found that plaintiff had the RFC to perform sedentary work with limitations. The ALJ found at step four that plaintiff could not perform her past relevant work as a school bus driver, materials handler, or hand packager. The ALJ found at step five, however, that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, specifically screener, final

assembler, and polisher. Accordingly, the ALJ found plaintiff not to be disabled as of the date of her decision.

Plaintiff argues that the ALJ erred by failing to find that plaintiff's end-stage bilateral knee osteoarthritis met or equaled Listing 1.18 and by failing to give substantial, if not controlling weight to the opinions of plaintiff's treating medical providers.

First, substantial evidence supports the ALJ's Listing determination. Listing 1.18 requires, among other things, medical documentation of the need for a walker, bilateral canes, or bilateral crutches or a wheeled, seated mobility device that requires both hands. *See* 20 C.F.R. pt. 404, subpt P., app. 1, § 1.18(D)(1).[1] Though the record does include a treatment recommendation that included using a wheelchair for long distances, just three months later a medical note included that a cane was not medically necessary. Additionally, plaintiff did not produce evidence of an anatomical abnormality of the affected joint. *See id.* § 1.18(C). The Court determines that the ALJ discussion of the Listing criteria was sufficient and that substantial evidence supports her determination that plaintiff's condition did not meet or equal Listing 1.18.

The ALJ also did not err in her assessment of the opinions of plaintiff's treating providers. Under the regulations applicable to plaintiff's claim, controlling weight is assigned to the opinions of treating physicians or providers when the opinion is well supported and not inconsistent with the substantial evidence in the record. The ALJ considered Mr. Fitzgerald's opinion that plaintiff would be limited to sedentary work, with which the ALJ agreed. Mr. Fitzgerald also opined that plaintiff could not engage in work on a regular and continuing basis. The ALJ found that opinion broad-based and ultimately concluded that it did not constitute documentation of a severe or

---

[1] A plaintiff can also satisfy the ¶ D criteria by demonstrating the inability to use one or both upper extremities, which is not at issue in this case.

disabling vocational limitation. The ALJ also assigned the opinion of Dr. Noah some weight, which, like the ALJ, opined that plaintiff would be limited to sedentary work.

Though Mr. Fitzgerald's treatment notes include a suggestion to use a wheelchair for long distances, a limitation to a wheelchair is otherwise completely unsupported by the record. Plaintiff has not been prescribed any assistive walking device nor did she testify that she regularly uses a wheelchair for long distances. Additionally, the ALJ included an option to use a handheld assistive device during ambulation in the RFC, thus crediting both plaintiff's own statements and the references in the record to plaintiff's use of a cane. The Court finds that the ALJ's treatment of the opinion evidence was not in error.

In sum, substantial evidence supports the ALJ's opinion and the correct law was applied. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for summary judgment [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 20] is GRANTED. The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED, this __17__ day of July 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE